### STATE v. THOMAS BRIGMAN.

*Indictment—Injury to stock—Stock Law.*

1. An illegal act is *wanton,* when it is needless for any rightful purpose, without any adequate legal provocation, and manifests a reckless indifference to the rights and interests of another.

2. To constitute the offence of wantonly and wilfully injuring the personal property of another, the act done must be wanton and wilful.

3. When an unlawful act is the result of a preconceived purpose, and not the mere impulse of anger, it is wilful.

4. The fact that the stock law prevails in a territory, is no excuse for inflicting wilful and wanton injury on stock running at large.

5. Where the defence, in an indictment for injury to stock, was that the stock law prevailed where the offence was committed, and the prosecutor did not keep his stock up, which trespassed on the crops of the defendant; *It was held,* no defence, and on the defendant's own evidence he was guilty.

INDICTMENT, tried before *MacRae, Judge,* and a jury, at Fall Term, 1885, of the Superior Court of RICHMOND county.

The defendant is charged with the wanton and wilful killing of a cow, belonging to one Seth Andrews, made an offence under the Act of December, 13, 1876, (The Code, §1082), as amended by the Act of February, 10, 1885, ch. 53. In its amended form, the statute declares, that "If any person shall, wantonly and wilfully, injure the personal property of another, he shall be guilty of a misdemeanor, whether the property be destroyed or not, and shall be punished by fine or imprisonment, or both, in the discretion of the Court."

The defendant was put on trial before the jury, upon his plea of not guilty, and being examined, as a witness on his own behalf, testified to the following facts: The stock law prevails in the territory wherein the offence is alleged to have been committed, and Andrews, mentioned in the indictment, undertook to confine the cow in a pasture, surrounded by a very low and insufficient fence, from which she had repeatedly broken out for a week previous, and entered his cultivated

land, and greatly damaged the crop growing thereon, which the defendant had sold to one Diggs. Andrews had been notified of the depredations committed by his stock, and request to keep his cattle out. Diggs had employed witness to take care of the crop, and directed him "to shoot them, if they could not otherwise be kept out of the field."

On Saturday morning, witness found a cow there, and shot her, as soon as he came up to her, and again a second time, in the field. The witness did so, because he was unable to keep her out, either in the day time or at night, and as a means of protecting the crop. It is unnecessary to set out other evidence, since the Court instructed the jury, that upon the defendant's own statements, if accepted as correct, he was guilty. The jury convicted the defendant, and judgment being pronounced, he appealed to this Court.

*Attorney General* and *Mr. Platt D. Walker*, for the State.
*Mr. John D. Shaw*, for the defendant.

SMITH, C. J., (after stating the facts). The sole question then is, whether the shooting and killing the cow under the circumstances detailed, and for the purposes mentioned, is "*wanton and wilful*" within the contemplation of the statute, and more especially, was it "*wanton?*" To be criminal, the act must possess both qualities. It was certainly wilful, for it was the development of a preconceived purpose, not an impulse of anger, excited by unexpectedly seeing a repetition of the annoying trespasses. But more is required to constitute the indictable offence. The act must not only be of purpose, but it must also be wanton. What does this qualifying adjective mean, when applied to the killing?

*Wantonness* is defined by Bonvier, to be "a licentious act of one man, towards the person of another, without regard to his rights," and licentiousness, to be "the doing what one pleases, without regard to the rights of others."

In *Welch* v. *Durand*, 36 Conn., 182; Butler, Judge, speaking for the Court, says, "wantonness is action without regard to the rights of others."

Mr. Justice Willes declares that "wantonly, means not having a reasonable cause." *Clark* v. *Haggins*, 103, E. C. L., Rep., 543.

In *Cobb* v. *Bennett*, 75 Penn. St., 326; when the action was for an injury done to a fishing net, in the waters of the Delaware, in use by the plaintiff, Chief-Justice Agnew uses this language: "It is *wantonness* when a mariner, warned of the net, seeing the lights marking its position, and requested to avoid it, yet indifferent to the interests of the fisherman, keeps on his course, when a reasonable pursuit of his voyage would not be prejudiced by avoiding the net. Wantonness is reckless sport; —wilfully unrestrained action, running immoderately into excess. If a man will do an injury, when he may reasonably avoid doing so without inconvenience to himself, can he be said to be blameless?"

This is, in our opinion, a fair exposition of the sense in which the word is used in the statute. The illegal act is wanton, when it is needless for any rightfull purpose,—without adequate legal provocation,—and manifests a reckless indifference to the interests and rights of others. It is such a wrong, which the law subjects to a criminal prosecution.

To obviate the necessity of a resort to violence as a means of personal redress, or to avenge an injury done by straying stock, the law has made ample provisions, and this is open to the injured party.

It is made a misdemeanor for the owner to allow his stock to go at large in territory covered by the stock law, and he may be punished. The Code, §2811.

Stock found at large, may be taken up and impounded, and if damage has been done to another, a summary mode of assessing its amount is given, and both the costs incurred and the damages ascertained, must be paid, before the owner can have possession of his property. Ibid., §2816.

With these means of remuneration for losses sustained from the incursions of stock upon land in cultivation, there can be no legal excuse for the defendant to destroy the unoffending and irresponsible animal, and it must be characterized as *wanton* as well as wilful. The instruction of the Court was correct in law, and there is no error.

Let this be certified, to the end that the Court proceed to judgment upon the verdict. ·

No error.                                          Affirmed.