149 So. 355

## SHARP et al. v. STATE.
### 8 Div. 686.

Court of Appeals of Alabama.
June 30, 1933.

Henry D. Jones and Fred S. Parnell, both of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, Judge.

The appellants were charged by separate affidavits with the offense of permitting live stock to run at large in a stock law district. Code 1923, § 3224. By agreement, they were tried jointly; the testimony was substantially, i. e., essentially, the same as to each;

both were convicted, and jointly appeal. What we shall say in the singular applies in the plural.

Of course it is true (statute, supra) that "in order to justify a conviction for violating the stock law as here charged, the State must show that the accused permitted the stock to go on the lands of another within a stock law district without the consent of the owner of the land, and that he *knowingly did so*." (Italics ours). Pugh v. State, 4 Ala. App. 144, 58 So. 936.

We have carefully read the testimony in this case. Whether it afforded a scintilla of evidence pointing to the guilt of the appellant, so that the general affirmative charge, etc., requested by him, etc., was properly refused, we need not decide, since we are clear to the conclusion that, under the well-known rule, the evidence, if any, that appellant "knowingly" allowed the stock to run at large, etc., being purely circumstantial (Bufford v. State, ante, p. 99, 141 So. 359), the verdict, etc., should have been set aside upon appellant's motion.

For the error in overruling same, the judgment is reversed, and the cause remanded.

Reversed and remanded.