MRS. ELMA S. WYRICK, ADMINISTRATRIX OF THE ESTATE OF GLENN WYRICK, v. BALLARD & BALLARD COMPANY, INC.

(Filed 3 May, 1944.)

1. Automobiles § 18g—

In an action to recover damages for the wrongful death of plaintiff's intestate caused by a collision between the automobile of plaintiff's intestate and a truck of the defendant, where plaintiff's evidence tended to show, though no eyewitness testified, that defendant's truck was being

operated on its left-hand side of the highway and the coupe of plaintiff's intestate was being operated on its right-hand side of the highway, at the time of the collision between the two vehicles going in opposite directions, there was error in the allowance of a motion for judgment as of nonsuit at the close of plaintiff's evidence.

**2. Negligence §§ 5, 19a—**

When a thing which causes an injury is shown to be under the control and operation of the party charged with negligence and the accident is one which, in the ordinary course of things, will not happen if those who have such control and operation use proper care, the accident itself, in the absence of an explanation by the party charged, affords some evidence that it arose from want of proper care.

**3. Negligence § 19a—**

Direct evidence of negligence is not required, but the same may be inferred from facts and circumstances; and if the facts proved establish the more reasonable probability that the defendant has been guilty of actionable negligence, the case cannot be withdrawn from the jury.

APPEAL by plaintiff from *Harris, J.,* at September Term, 1943, of WAKE.

*W. L. Spencer and Douglass & Douglass for plaintiff, appellant.*
*Joyner & Yarborough for defendant, appellee.*

SCHENCK, J. This is an action for the wrongful death of the plaintiff's intestate resulting from a collision between a motor truck owned by the defendant and operated by its employee in the course of his employment and a Plymouth Coupe driven by the plaintiff's intestate.

It is admitted that the collision took place on 17 October, 1940, between Durham and Raleigh while the truck was being driven westward on Highway 70-A and the coupe was being driven eastward on said highway, and that as a result of the collision the plaintiff's intestate was killed.

It is alleged in the complaint, *inter alia,* that the defendant's truck was being "operated on the left-hand side of the highway, contrary to the law provided therefor and in violation of section 2621 (293-5) of the North Carolina Code." (G. S., 20-146, 147-148.)

No eyewitnesses to the collision were introduced. The driver of the coupe, the intestate, was dead, and the driver of the truck was not called. Hence it was necessary to determine the case upon evidence which was largely circumstantial in its nature. The testimony of the plaintiff's witness, T. R. Stone, was to the effect that he was driving eastward toward Raleigh, in the same direction as the intestate was driving, and that he came upon the scene of the collision very soon after it happened, that the deceased was still under the wreckage when he arrived and was

taken out and he took the deceased to the hospital; that the truck was headed westward toward Durham and the automobile was headed eastward toward Raleigh, that Wyrick's (intestate's) automobile was on the right side of the highway (the south side), and the front of the truck was resting on the front of the automobile; that the truck was loaded with flour and flour was on Wyrick's side of the highway and a lot of glass and dry mud from the two vehicles were also on the south side of the highway; that there were tire marks on the south side of the highway leading up to the truck and extending back toward Raleigh 40 or 50 feet on the same side of the highway, one of the marks of the dual wheels of the truck was on the center line and one was a little over the center line; the road was straight; that while the Plymouth Coupe was on its right side, the south side of the highway, the front of the truck was on top of the coupe and the rear of the truck was on the north side of the highway, the truck being across the center line.

When the plaintiff had introduced her evidence and rested her case the defendant lodged motion for judgment as in case of nonsuit (C. S., 567; G. S., 1-183), which motion was allowed, and from judgment predicated on such ruling the plaintiff appealed, assigning such ruling and judgment as error.

*Barnhill, J.,* in *Etheridge v. Etheridge,* 222 N. C., 616, 24 S. E. (2d), 477, enunciates the following rule: "When a thing which caused an injury is shown to be under the control and operation of the party charged with negligence and the accident is one which, in the ordinary course of things, will not happen if those who have such control and operation use proper care, the accident itself, in the absence of an explanation by the party charged, affords some evidence that it arose from want of proper care." And, also, "Direct evidence of negligence is not required, but the same may be inferred from facts and attendant circumstances; and if the facts proved establish the more reasonable probability that the defendant has been guilty of actionable negligence, the case cannot be withdrawn from the jury, though the possibility of accident may arise on the evidence. *Fitzgerald v. R. R.,* 141 N. C., 530, *Dial v. Taylor, supra.*" (151 N. C., 284, 65 S. E., 1101.) See also *Boone v. Matheny, ante,* 250, and cases there cited.

We are constrained to hold that there was error in the ruling of the court below. There is evidence tending to show that the defendant's truck was being operated on its left side of the highway and the plaintiff's intestate's coupe was being operated on its right side of the highway at the time of the collision between the two motor vehicles proceeding in opposite directions. Such evidence consisted of the testimony of the witnesses who were at the scene of the collision almost immediately after it occurred to the effect that they saw glass, flour and mud on the south

side of the highway, the intestate's right side and the defendant's left side of the highway, and nothing of the kind on the opposite side of the highway, the north side. This was evidence that the defendant's truck was being operated in violation of the statutes pleaded which required the defendant to drive his truck on his right side of the highway and to give the plaintiff's coupe half of the main traveled portion of the roadway as nearly as possible, and that this violation proximately caused the collision which resulted in the death of plaintiff's intestate.

The case at bar differs from *Cheek v. Brokerage Co.,* 209 N. C., 569, 183 S. E., 729, in that it is therein said: "There is no evidence to establish on which side of the center line of the road the collision took place, or to establish the failure by the defendant to keep a proper lookout."

The judgment of the Superior Court is
Reversed.