## W. H. BETHUNE v. A. E. BRIDGES.

(Filed 17 March, 1948.)

**1. Negligence § 9—**

    The law requires only reasonable foresight and prevision.

**2. Animals § 2—**

    Upon evidence disclosing that upon his return home about sundown, defendant found that two of his horses had broken out of his stable or lot for the first time, that defendant and members of his family searched for them a half hour in the rain and then returned home and went to bed, and that thereafter during the night one of the horses ran into the side of plaintiff's automobile on the highway, causing damage, *is held* insufficient to be submitted to the jury on the issue of negligence, since defendant had no reason to believe that injury was likely to result to anyone from the animals being at large during the night.

**3. Same—**

    The liability of the owner of domestic animals for damages caused by them is predicated upon the law of negligence rather than that of suretyship.

APPEAL by defendant from *Burgwyn, Special Judge,* at December Term, 1947, of LEE.

Civil action to recover damages to plaintiff's automobile alleged to have been caused by the neglect, wrongful act or default of the defendant.

Plaintiff says that on the night of 8 or 9 September, 1944, between 9:00 and 9:30 p.m., he was traveling in his automobile on Highway No. 1, approaching Sanford from the north, when two of defendant's horses came out of the side road going towards the defendant's dairy barn, "and one ran right into the side of my car. Its head caught just in front of the windshield and its knees went into the side of my car about even with the hinge of the front door." It cost the plaintiff $77.00 to have his car repaired.

Plaintiff called the defendant, who said he had been away, and upon his return home about sundown, found that two of his horses were out;

that he hunted them for half an hour but was unable to find them. Whereupon he came home and went to bed. The defendant's wife and daughters and others joined in·the search, but gave it up when plaintiff did. The .weather was inclement, with a light drizzling rain.

The .court instructed the jury there was no evidence of negligence on' the part of the defendant in allowing the horses to escape. "The only question for you to determine is whether you are satisfied from the evidence and by its greater weight that there was any negligence proximately causing injury to plaintiff's car on his part in giving up the search and going to ·bed and going to sleep without continuing the search by or through himself or one or more of his employees." Exception.

From verdict and judgment for plaintiff, the jury assessing the damages at $50.00, the defendant appeals, relying chiefly upon the court's refusal to dismiss the action as in case of nonsuit.

*S. Ray Byerly for plaintiff, appellee.*
*W. W. Seymour for defendant, appellant.*

STACY, C. J. The question for decision is whether the evidence suffices to carry the case to the jury in the face of a demurrer. The trial court answered in the affirmative. We are inclined to a different view.

It is conceded there was no negligence on the part of the defendant in failing to keep the horses in restraint, *i.e.*, the horses escaped from the barn or lot through no foreseeable neglect on the part of the defendant. *Gardner v. Black,* 217 N. C., 573, 9 S. E. (2d), 10.

The case then comes to whether the defendant acted as a reasonably prudent person in abandoning the night search for the horses after he and members of his family and others had hunted them for half an hour in the rain. The law requires only reasonable foresight and prevision. This, the defendant seems to have exercised in the circumstances disclosed by the record. The horses had never before broken out of their stable or lot, and the defendant had no reason to believe they might attack travelers or vehicles on the highway, or that injury was likely to result to any one from their being at large for the night. 2 Am. Jur., 737. Indeed, the defendant still thinks the plaintiff was at fault in running into one of the horses.

The case was tried on the theory that the defendant was in duty bound to search for the horses which had gone astray, and to continue the search "until .they were found or until it became light," or else answer in damages for any injury they might cause upon the public highway to travelers or others lawfully thereon. The defendant's liability is to be measured by the law of negligence rather than that of suretyship. *Lloyd v. Bowen,* 170 N. C., 216, 86 S. E., 797.

The defendant's demurrer to the evidence was well interposed. It will be allowed here. G. S., 1-183.

Reversed.