MYRTLE ALLMAN GLADDEN, ADMINISTRATRIX OF THE ESTATE OF ROBERT
E. GLADDEN, v. CHARLES E. SETZER.

(Filed 13 April, 1949.)

**1. Trial §§ 22a, 22b—**

On motion to nonsuit, evidence favorable to plaintiff is accepted as true
and inconsistent testimony of defendant is ignored.

**2. Automobiles § 18h (2)—**

A passenger in the truck driven by intestate testified to the effect that
intestate was driving on his right side of the road in an ordinary manner,
that defendant's tractor with trailer-tanker was traveling in the opposite
direction, and that the truck hit the trailer-tanker which was sticking out
to its left as the tractor was being driven to its right of the road, resulting
in intestate's death. *Held:* The testimony is sufficient to support an infer-
ence that the defendant violated G.S. 20-146 in failing to drive his tractor-
trailer on his right half of the highway, proximately causing the death of
plaintiff's intestate, and nonsuit was error, defendant's evidence in contra-
diction not being considered.

APPEAL by plaintiff from *Coggin, Special Judge,* at the December
Term, 1948, of CABARRUS.

The plaintiff, Myrtle Allman Gladden, as administratrix, sued the
defendant, Charles E. Setzer, for damages for the death of her intestate,
Robert E. Gladden, which occurred on 31 January, 1947, in a collision
on the Rozzell Ferry Road in Charlotte, North Carolina, between an
east-bound Ford truck owned and driven by the intestate and a west-
bound Mack tractor with a tanker attached owned and operated by the
defendant. To sustain her complaint that the death of her intestate was
caused by a wrongful act, neglect, or default of the defendant under G.S.
28-173, the plaintiff called to the stand Ed Faggart, an occupant of the
Ford truck at the time of the accident. He testified as follows: "We
were riding along. There were some squirrels in the woods. I was
looking at them when we got down across the bridge . . . I was looking
off. Mr. Gladden hollered to me, 'Look out, that man will run into me.'
When I knowed anything we were run into. I saw that it was one of
them oil tanks that ran into us. I couldn't tell how fast it was going.
We were driving just ordinary. We were on the right-hand side at the
time of the collision, about 150 feet beyond the bridge. . . . I was hurt
and knocked unconscious. I don't know anything about the position of
the vehicles after the accident. . . . I was looking at some squirrels and
didn't see the oil truck until Mr. Gladden hollered. It looked like he was
going to pass us. The motor part had passed when I saw it the first
time. . . . I don't remember passing an automobile coming into Char-
lotte. . . . I didn't see a car in front. I wasn't watching down the road

so much. . . . When I first saw defendant's truck-trailer the engine part had pulled by us. I looked at it. The tanker part hit us. The tanker part was sticking out when he pulled back to his right. He pulled the front part to his right and the tanker stuck out to the left. I don't know where exactly the tanker part was in regard to the center of the road. Mr. Gladden was driving on the right-hand side of the center of the road, proceeding in an ordinary manner."

The defendant introduced testimony indicating that the tragedy occurred in the manner set out in this paragraph. As the defendant's tractor-tanker combination was traveling west on its right half of the highway at a speed of 20 miles an hour, it met a passenger automobile operated by Mrs. Craig Dunn, which was proceeding in the opposite direction immediately in front of the east-bound Ford truck. Just as the tractor-tanker and the Dunn car were in the act of meeting and passing each other, the Ford truck "came out from behind the Dunn car" and crashed against the tractor-trailer, killing the intestate.

The court dismissed the action upon a compulsory nonsuit under the statute after all the evidence on both sides was in, and the plaintiff appealed, assigning this ruling as error.

*John Hugh Williams for plaintiff, appellant.*
*Hartsell & Hartsell and Covington & Lobdell for defendant, appellee.*

ERVIN, J. When the evidence favorable to plaintiff is accepted as true, and the conflicts therein are resolved in her favor, and the inconsistent testimony of the defendant is ignored, it is apparent that the plaintiff's evidence is sufficient to support an inference that the defendant violated G.S. 20-146 by failing to drive his tractor-trailer combination on his right half of the highway and thereby proximately caused the death of the plaintiff's intestate. *Hoke v. Greyhound Corp.,* 226 N.C. 692, 40 S.E. 2d 345; *Wyrick v. Ballard Co., Inc.,* 224 N.C. 301, 29 S.E. 2d 900; *Coach Co. v. Lee,* 218 N.C. 320, 11 S.E. 2d 341; *Williams v. Woodward,* 218 N.C. 305, 10 S.E. 2d 913; *Stovall v. Ragland,* 211 N.C. 536, 190 S.E. 899; *Hancock v. Wilson,* 211 N.C. 129, 189 S.E. 631. Hence, the case ought to have been submitted to the jury. *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307. The judgment of nonsuit is
Reversed.