The plaintiff, Myrtle Allman Gladden, as administratrix, sued the defendant, Charles E. Setzer, for damages for the death of her intestate, Robert E. Gladden, which occurred on 31 January, 1947, in a collision on the Rozzell Ferry Road in Charlotte, North Carolina, between an east-bound Ford truck owned and driven by the intestate and a westbound Mack tractor with a tanker attached owned and operated by the defendant. To sustain her complaint that the death of her intestate was caused by a wrongful act, neglect, or default of the defendant under G.S. 28-173, the plaintiff called to the stand Ed Faggart, an occupant of the Ford truck at the time of the accident. He testified as follows: "We were riding along. There were some squirrels in the woods. I was looking at them when we got down across the bridge . . . I was looking off. Mr. Gladden hollered to me, `Look out, that man will run into me.' When I knowed anything we were run into. I saw that it was one of them oil tanks that ran into us. I couldn't tell how fast it was going. We were driving just ordinary. We were on the right-hand side at the time of the collision, about 150 feet beyond the bridge . . . I was hurt and knocked unconscious. I don't know anything about the position of the vehicles after the accident. . . . I was looking at some squirrels and didn't see the oil truck until Mr. Gladden hollered. It looked like he was going to pass us. The motor part had passed when I saw it the first time. . . . I don't remember passing an automobile coming into Charlotte. . . . I didn't see a car in front. I wasn't watching down the road *Page 270 
so much. . . . When I first saw defendant's truck-trailer the engine part had pulled by us. I looked at it. The tanker part hit us. The tanker part was sticking out when he pulled back to his right. He pulled the front part to his right and the tanker stuck out to the left. I don't know where exactly the tanker part was in regard to the center of the road. Mr. Gladden was driving on the right-hand side of the center of the road, proceeding in an ordinary manner."
The defendant introduced testimony indicating that the tragedy occurred in the manner set out in this paragraph. As the defendant's tractor-tanker combination was traveling west on its right half of the highway at a speed of 20 miles an hour, it met a passenger automobile operated by Mrs. Craig Dunn, which was proceeding in the opposite direction immediately in front of the east-bound Ford truck. Just as the tractor-tanker and the Dunn car were in the act of meeting and passing each other, the Ford truck "came out from behind the Dunn car" and crashed against the tractor-trailer, killing the intestate.
The court dismissed the action upon a compulsory nonsuit under the statute after all the evidence on both sides was in, and the plaintiff appealed, assigning this ruling as error.
When the evidence favorable to plaintiff is accepted as true, and the conflicts therein are resolved in her favor, and the inconsistent testimony of the defendant is ignored, it is apparent that the plaintiff's evidence is sufficient to support an inference that the defendant violated G.S. 20-146 by failing to drive his tractor-trailer combination on his right half of the highway and thereby proximately caused the death of the plaintiff's intestate. Hoke v. Greyhound Corp., 226 N.C. 692,40 S.E.2d 345; Wyrick v. Ballard Co., Inc., 224 N.C. 301,29 S.E.2d 900; Coach Co. v. Lee, 218 N.C. 320, 11 S.E.2d 341; Williams v. Woodward, 218 N.C. 305, 10 S.E.2d 913; Stovall v. Ragland,211 N.C. 536, 190 S.E. 899; Hancock v. Wilson, 211 N.C. 129, 189 S.E. 631. Hence, the case ought to have been submitted to the jury. Bundy v. Powell, 229 N.C. 707, 51 S.E.2d 307. The judgment of nonsuit is
Reversed. *Page 271