## OSCAR GRANT v. JAMES E. BARTLETT.

(Filed 28 September, 1949.)

**1. Negligence § 19b (1), 19c—Evidence held for jury in action for negligent injury inflicted with an axe.**

Plaintiff and defendant were engaged in clearing land, and plaintiff's hand was injured when struck by the axe wielded by defendant. Plaintiff's evidence was to the effect that he was pulling ivy off a stump and that as his hand came back with the pull, defendant carelessly and without noting plaintiff's proximity, struck down with the axe causing the injury. Defendant's evidence was to the effect that plaintiff suddenly stumbled backward and downward and fell under the axe as it was descending, too late for defendant to arrest the stroke. *Held:* Defendant's motion to nonsuit on the ground of absence of evidence of actionable negligence and on the ground of contributory negligence was properly denied.

**2. Trial § 31b—**

The failure of the court to give instructions on subordinate features of the case will not be held for error in the absence of request for instructions.

**3. Trial § 32—**

Where the trial court substantially complies with plaintiff's oral request for instructions in respect to evidence of previous statements made by plaintiff tending to contradict plaintiff's evidence on the stand, the failure to give more particular instructions on this aspect will not be held for error. G.S. 1-180 as amended by Chap. 107, Session Laws of 1949.

APPEAL by defendant from *Pless, J.,* at July Term, 1949, of Mc-DOWELL. No error.

This was an action to recover damages for an injury to plaintiff's hand alleged to have been caused by the negligence of the defendant.

Plaintiff and defendant were engaged in clearing land for a pasture, the defendant using an axe. Plaintiff's allegations and testimony were to the effect that as plaintiff was pulling ivy off a stump his right hand came back with the pull, and the defendant, who was behind him, carelessly and without noting plaintiff's proximity, struck down with his axe and cut plaintiff's hand, severing his little finger and permanently injuring the nerves in his hand.

Defendant denied negligence on his part and pleaded the contributory negligence of the plaintiff. His evidence tended to show that the place of the injury was on a steep grade, and that plaintiff was cutting a pine tree, and that plaintiff in pulling bushes suddenly stumbled backward and downward, and fell under the axe just as it was descending, too late for defendant to arrest the stroke.

Issues of negligence, contributory negligence and damage were submitted to the jury and answered in favor of plaintiff. From judgment on the verdict defendant appealed.

*Roy W. Davis for plaintiff, appellee.*
*William C. Chambers for defendant, appellant.*

DEVIN, J. Defendant assigns error in the denial of his motion for judgment of nonsuit. He presents the view that the evidence was insufficient to show negligence on his part, or, if so, that the contributory negligence of plaintiff as a proximate cause of the injury was made out by the plaintiff's evidence. However, considering the evidence in the light most favorable for the plaintiff on this motion, we think the case was properly submitted to the jury. *Fitzgerald v. R. R.,* 141 N.C. 530, 54 S.E. 391; *Cashwell v. Bottling Works,* 174 N.C. 324, 93 S.E. 901; *Wyrick v. Ballard Co., Inc.,* 224 N.C. 301, 29 S.E. 2d 900.

Defendant noted exceptions to the judge's charge to the jury, and assigns error for that the court failed therein to give instructions to the jury as to certain subordinate matters of evidence, but, as there was no request for instruction, these exceptions cannot be sustained. *School District v. Alamance County,* 211 N.C. 213 (226), 189 S.E. 873.

Defendant also assigns error in the failure of the court to review the evidence of witnesses as to statements previously made by plaintiff which defendant contended served to contradict plaintiff's evidence on the stand. It appears from the record that the court substantially complied with plaintiff's oral request in this respect and no prejudicial effect is perceived. In this connection it may be noted that by Chap. 107, Session Laws 1949, the language of G.S. 1-180 was amended by striking out the previous requirement that the judge in giving a charge to a petit jury "shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising on the evidence," and providing merely that "he shall declare and explain the law arising on the evidence given in the case. He shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; provided the judge shall give equal stress to the contentions of plaintiff and defendant in civil action."

The trial seems to have been free from substantial error, and the result will not be disturbed.

No error.