R. H. KELLY v. HARRISON WILLIS.

(Filed 25 November, 1953.)

**1. Animals § 2—**

A person who knowingly or negligently permits his livestock to roam at large in stock-law territory may be held liable in damages for injuries proximately sustained by reason of the fact that the animal was running loose. G.S. 68-23, G.S. 68-39.

**2. Negligence § 19b (4)—**

It is not necessary that negligence be established by direct evidence, but may be proved by circumstantial evidence.

**3. Animals § 2—That owner knowingly or negligently permitted mule to run at large may be inferred from fact that it repeatedly ran loose.**

Plaintiff's evidence tended to show that as his employee was driving on the highway at night at a lawful rate of speed, defendant's mule suddenly appeared out of the darkness from his right and walked or ran upon the highway some fifteen feet in front of plaintiff's vehicle, that the driver could not turn left because of a car traveling in the opposite direction, and struck the mule, causing damage to the vehicle. The evidence further tended to show that this was the fourth occasion within a fortnight during which the mule was found wandering loose. *Held:* The evidence is sufficient to support an inference that defendant knowingly or negligently permitted the mule to roam at large, and therefore defendant's motion to nonsuit should have been denied.

WINBORNE, J., dissenting.

BARNHILL and DENNY, JJ., concur in dissent.

APPEAL by plaintiff from *Stevens, J.,* at the June Term, 1953, of CARTERET.

Civil action to recover compensation for property damage sustained when plaintiff's truck hit and killed defendant's mule, which was running at large on a public highway at night.

The complaint alleges that the defendant knowingly or negligently allowed his mule to run at large on the highway, and thus proximately

caused the collision between the truck and the mule and the resultant damage to the truck. The answer denies legal culpability on the part of the defendant, pleads contributory negligence on the part of the driver of the truck, and states a counterclaim against the plaintiff for the alleged negligent slaying of the mule by the driver of the truck. The answer was not served upon the plaintiff or his attorney of record.

The plaintiff offered testimony at the trial ample to establish these facts:

1. State Highway 70, which connects Morehead City on the east and Newport on the west, traverses stock-law territory in a rural section of Carteret County lying outside any business or residential district.

2. The plaintiff owned a pick-up truck of less than one ton capacity, which was equipped with adequate brakes and sufficient headlights.

3. The defendant operated a farm, which was a half mile distant from State Highway 70 as the crow flies.

4. The defendant owned a black or brown mule, which virtually blended with the darkness when it wandered abroad at night.

5. At 11 o'clock on the night of 12 August, 1951, the plaintiff's stepson drove the pick-up truck westward along State Highway 70 at a speed of less than 40 miles an hour. The headlights of the truck were burning, and by reason thereof the plaintiff's stepson, who kept a constant lookout on the roadway to the front, was able to discern clearly any substantial object on the highway at a distance of 200 feet ahead.

6. At the same time the defendant's dark colored mule roamed at large in the darkness somewhere north of the highway.

7. As the plaintiff's westbound truck and an eastbound automobile were about to meet and pass each other on the highway, the mule suddenly emerged from the darkness north of the highway and trotted onto the highway and into the path of the plaintiff's oncoming truck, which was then only 15 feet away.

8. The plaintiff's stepson saw the mule just as it emerged from the darkness and entered the highway. He applied the brakes to the truck as soon as the mule came into view, but was unable to bring the truck to a stop before it struck and killed the mule. It was not feasible for him to avoid hitting the animal by turning onto his left side of the highway because of the presence of the eastbound automobile on that part of the roadway. As a result of its impact on the mule, the plaintiff's truck sustained material damage, which substantially diminished its market value.

9. The collision between the truck and the mule marked the fourth occasion within a fortnight on which the mule wandered unattended, uncontrolled, and unrestrained in proximity to the highway half a mile from its owner's farm.

When the plaintiff had produced his evidence and rested his case, the defendant submitted to a voluntary nonsuit on his counterclaim, and moved the court to dismiss the plaintiff's action on a compulsory nonsuit. The court allowed the motion, and rendered judgment accordingly. The plaintiff appealed, assigning the compulsory nonsuit as error.

*C. R. Wheatly, Jr., for plaintiff, appellant.*
*Luther Hamilton and Luther Hamilton, Jr., for defendant, appellee.*

ERVIN, J. The appeal is concerned solely with the propriety of the compulsory nonsuit.

The statute codified as G.S. 68-23 provides that "if any person shall allow his livestock to run at large within the limits of any county, township or district in which a stock law prevails or shall prevail pursuant to law, he shall be guilty of a misdemeanor, and fined not exceeding fifty dollars, or imprisoned not exceeding thirty days." This enactment is clearly applicable to this case because the events culminating in this litigation undoubtedly occurred in territory covered by the stock law. G.S. 68-39.

The statute under scrutiny expressly subjects the owner of livestock to criminal responsibility as a misdemeanant if he knowingly allows his livestock to run at large in stock-law territory. *S. v. Brigman,* 94 N.C. 888; *Sharp v. State,* 25 Ala. App. 491, 149 So. 355; 3 C.J.S., Animals, section 141. It impliedly subjects the owner of livestock to civil responsibility as a tort-feasor if he knowingly or negligently permits his livestock to roam at large in stock-law territory, and in that way proximately causes injury to the person or property of another. *Gardner v. Black,* 217 N.C. 573, 9 S.E. 2d 10. Moreover, the common law, acting independently of this or any other legislative enactment, imposes upon the owner of livestock civil responsibility as a tort-feasor if he knowingly or negligently suffers his livestock to be at large on a highway, and in that way proximately causes injury to the person or property of a user of the highway. *Bethune v. Bridges,* 228 N.C. 624, 46 S.E. 2d 711; *Gardner v. Black, supra; Lloyd v. Bowen,* 170 N.C. 216, 86 S.E. 797; *Rice v. Turner,* 191 Va. 601, 62 S.E. 2d 24; *Smith v. Whitlock,* 124 W. Va. 224, 19 S.E. 2d 617, 140 A.L.R. 737; 2 Am. Jur., Animals, section 60.

The plaintiff did not offer any direct evidence tending to show that the defendant knowingly or negligently allowed his mule to run at large on the highway. He was not required to do so. It was permissible for him to produce circumstantial evidence sufficient to establish this crucial fact. *Wyrick v. Ballard Co., Inc.,* 224 N.C. 301, 29 S.E. 2d 900; *Corum v. Tobacco Co.,* 205 N.C. 213, 171 S.E. 78; *Lynch v. Telephone Co.,* 204 N.C. 252, 167 S.E. 847.

According to the evidence, the collision between the plaintiff's truck and the defendant's mule marked the fourth occasion within a fortnight on which the mule wandered unattended, uncontrolled, and unrestrained in proximity to the highway half a mile from the defendant's farm. When this evidence is interpreted in the light most favorable to the plaintiff, it is ample to support the inference that the mule was at large on the highway at the moment of the collision simply because the defendant knowingly or negligently allowed it to be there. The other evidence is sufficient to sustain the additional inference that the wrongful act or the negligent omission of the defendant was the sole proximate cause of the collision and the resultant damage to the truck.

It necessarily follows that the entry of the compulsory nonsuit constituted error regardless of whether the court acted on the theory that the evidence was inadequate to show legal culpability on the part of the defendant or on the theory that the plaintiff's driver was contributorily negligent as a matter of law.

The facts in this case are unlike those in *Bethune v. Bridges, supra,* and *Gardner v. Black, supra,* where the offending animals did not run at large before the events producing the litigation.

The compulsory nonsuit is

Reversed.

WINBORNE, J., dissenting: I am unable to agree with the majority opinion on this appeal. Taking the evidence in the case in the light most favorable to plaintiff, and giving to him the benefit of every reasonable intendment and every reasonable inference to be drawn therefrom, and applying the rules of law laid down by this Court in the case of *Gardner v. Black,* 217 N.C. 573, 9 S.E. 2d 10 (one member now deceased dissenting), I am of opinion that the judgment of nonsuit entered in Superior Court was, and is proper.

The evidence offered by plaintiff, as shown in the record, as I read it, is as follows: A collision occurred about 11 o'clock on Sunday night, 12 August, 1951, between plaintiff's 1946 one-half ton Chevrolet pickup truck, operated with his permission by his 16-year-old step-son, Allen Howard Garner, and defendant's mule. It occurred on U. S. Highway No. 70, as the truck was traveling westwardly from Morehead City, N. C., toward Newport, N. C., in the vicinity of a place of business located on the north side of the highway, and known as the "Wagon Wheel."

Allen Howard Garner, as witness for plaintiff, testified: That the pickup truck was equipped with excellent or perfect lights, enabling him to see at least 200 feet down the highway; that the brakes were good,—in perfect condition; that he could drive well and safely; that the traffic was not heavy, and there were no vehicles within one-half mile of him except

those meeting him; that he could see almost as well in passing those vehicles as when not passing them; that his speed was under 40 miles per hour, whereas the speed limit was 55 miles per hour; that the mule, black or brown in color, stepped out on the highway ten or fifteen feet directly ahead of the truck, "all at once, walking fast or trotting" from the north or his right side; that he saw the mule "the minute he entered said highway,"—"when he first stepped upon the highway"; that he applied his brakes immediately at first seeing the mule; that he could not turn to the left because of an oncoming car; that as he started to slow down he hit the mule; that at that time he was actually on the paved portion of the road; that as result of the impact the accelerator or throttle of motor was jammed and brakes were damaged so that the vehicle could not be stopped immediately, and it moved approximately 150 feet; that the mule was caught up and thrown in the back of the vehicle; and "that the mule's stable was just a short while away."

Plaintiff, as witness for himself, testified, that his truck was in good condition, brakes recently relined, and lights good; that he talked with defendant on Tuesday following the accident, and he, defendant, stated that he had asked the colored fellow to keep him (the mule) shut up; and that in his plaintiff's opinion, while his truck was worth $700 before the accident, it had after the wreck value of only $100.

And Robert Edward Lee, last witness for plaintiff, testified: That defendant's farm is about one mile from his place of business, known as Wagon Wheel; that defendant keeps his livestock approximately one mile from Wagon Wheel, but by direct route it would be about one-half mile; that he was at the scene of the accident, and saw the mule; that he had recognized the mule because he had removed him from his okra patch; that he had seen the mule unattended in the vicinity of his place of business approximately three times in two weeks' period immediately prior to the accident, the first time in his okra patch, and two times thereafter; that this was the same mule, in his opinion, as the one struck by plaintiff's vehicle; that this mule was black or dark gray in color, and was the same mule that was on his place a day or so before; and that he believes it was the same mule.

And in *Gardner v. Black, supra,* it is said that the liability of the owner of animals for permitting them to escape upon public highways, in case they do damage to travelers or others lawfully thereon, rests upon the question whether the keeper is guilty of negligence in permitting them to escape; that in such case the same rule in regard to what is and what is not negligence obtains as ordinarily in other situations; that it is the legal duty of a person having charge of animals to exercise ordinary care and the foresight of a prudent person in keeping them in restraint; and that even though it be unlawful to permit livestock to run at large, the fact

that defendant's mules were running at large upon a public highway is not sufficient in and of itself to establish a *prima facie* case of negligence on the part of defendant, for the doctrine of *res ipsa loquitur* does not apply.

These principles are not challenged in the majority opinion.

And applying these principles to the case in hand, the evidence offered by plaintiff as set-forth above fails to show, and it is not sufficient to justify and support reasonable inference, that the mule of defendant was at large with his knowledge and consent, or at his will, or that its being at large was due to any negligence on his part. The only evidence in regard thereto, other than the fact that the mule was at large, is the statement of plaintiff that defendant said "that he had asked the colored fellow to keep him (the mule) shut up." This statement negatives any suggestion that defendant negligently allowed or permitted the mule to be at large.

But, in any event, it is manifest from the evidence that the plaintiff's truck was not being operated with due care and caution. The physical facts that "the mule was caught up and thrown in the back of the vehicle," and the truck damaged to the extent plaintiff estimated, speak louder than the witness as to the manner in which the truck was being operated. These facts establish negligence on the part of the operator of the plaintiff's truck as a proximate and contributing cause. *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88.

Hence, I vote to affirm the judgment below.

BARNHILL and DENNY, JJ., concur in dissent.