CLYDE W. WILLIAMS v. FRANK WOODWARD ET AL.

(Filed 16 October, 1940.)

1. **Automobiles §§ 9c, 18h—Violation of statutory provisions prescribing that vehicles should be operated on right side of highway and that pedestrians be given proper warning is negligence per se.**

   An instruction that the violation of statutes regulating the operation of motor vehicles and the conduct of pedestrians on the highway would constitute negligence *per se* and would be actionable if the proximate cause of injury, *is held* without error when it appears that the instruction was applied solely to the provisions of the Motor Vehicle Law prescribing that vehicles should be operated on the right-hand side of the highway and that warning should be given pedestrians, chapter 407, Public Laws of 1937, sections 108, 135, there being no reference in the charge to a violation of speed restrictions which the statute makes merely *prima facie* evidence that the speed is unlawful. Sec. 103.

2. **Negligence § 20: Appeal and Error § 39e—**

   An instruction using the phrase "the reasonable man" instead of the phrase "the reasonably prudent man" in stating the standard of care required by law, *is held* not prejudicial upon the facts of this case.

APPEAL by defendants from *Pless, J.,* at March Term, 1940, of BURKE. Civil action to recover damages for an alleged negligent injury.

Plaintiff was walking along Highway No. 70 between Marion and Morganton on the night of 17 December, 1939, when he was struck by the corporate defendant's truck, operated at the time by its agent or employee, Frank Woodward. It is in evidence that plaintiff was walking on his left side of the road facing traffic; that the defendant's truck was being operated on its left side of the road, or over the center line, traveling in the same direction with the plaintiff, and that the plaintiff was hit in the back and severely injured. The time was about 3:30 a.m.

The defendant denied liability and interposed a plea of contributory negligence.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiff. From judgment thereon, the defendants appeal, assigning errors.

*Hatcher & Berry for plaintiff, appellee.*
*Mull & Patton for defendants, appellants.*

STACY, C. J. The court instructed the jury that it was negligence *per se* for one to violate "the statute regulating the conduct and operation of motor vehicles on the public highways, and the conduct and behavior of pedestrians using the highways, but the element of proximate cause must also be shown." This instruction was taken from the case of *Holland v. Strader,* 216 N. C., 436, 5 S. E. (2d), 311, and is correct as applied to violations of the motor vehicle law, ch. 407, Public Laws 1937, save and except those provisions which relate to the speed limits mentioned therein, any speed in excess of which constitutes *"prima facie* evidence that the speed is not reasonable or prudent and that it is unlawful." Sec. 103; *Smart v. Rodgers,* 217 N. C., 560.

It is true there is allegation here of excessive speed, but the instruction which defendants assign as error was in reference to alleged violations of the motor vehicle law in driving on the wrong side of the road, sec. 108, and in failing to warn the plaintiff, who was a pedestrian. Sec. 135. These sections were called to the jury's attention immediately following the above instruction, and it is not thought the jury could have understood it as referring to a violation of the speed restrictions set out in sec. 103. This last section was not mentioned in the charge.

Exception is also taken to another expression in the charge. The court said to the jury that "negligence in general is defined to be the omission to do something which a reasonable man guided upon those considerations regulating the conduct of human affairs would do, or the doing of something which a reasonable man would not do." The objection to this instruction is, that it departs from the rule of "the reasonably prudent man" and adopts the rule of "the reasonable man," which the defendants say is too wide of the mark. *Cole v. R. R.,* 211 N. C., 598, 191 S. E., 353; *Diamond v. Service Stores, ibid.,* 632, 191 S. E., 358. Conceding that a reasonable man may not always be a prudent man, and that the accepted standard under varying conditions is the conduct of "the reasonably prudent man," *Mecham v. R. R.,* 213 N. C., 609, 197 S. E., 189, we are constrained to believe, and so hold, that, on this record, the inexactness of the statement, if, indeed, it may rightly be denominated as such, had no appreciable effect upon the jury and is not of sufficient importance to be regarded as erroneous. *Overman Wheel Co. v. Griffin,* 67 Fed., 659.

None of the assignments of error can be sustained. The verdict and judgment will be upheld.

No error.