WILLIE WILLIAMS, ADMINISTRATOR OF THE ESTATE OF NELLE GRAY WILLIAMS v. RAYMOND HENDERSON.

(Filed 12 October, 1949.)

**1. Automobiles § 8a—**

A motorist is under duty at all times to operate his vehicle at a reasonable rate of speed and maintain constant attention to the highway. G.S. 20-140.

**2. Automobiles § 12f—**

A motorist is required to keep a proper lookout for persons on or near the highway, and decrease his speed when any special hazards exist with respect to pedestrians. G.S. 20-141 (c).

**3. Same—**

While ordinarily a motorist is not required to anticipate that a pedestrian will leave a place of safety and get in a line of travel, when the circumstances are such that it should appear to the motorist that a pedestrian is oblivious of his approach, or when he may reasonably anticipate the pedestrian will come into his way, it is his duty to give warning by sounding his horn. G.S. 20-174 (e).

**4. Automobiles §§ 18h (2), 18h (3)—Questions of negligence and contributory negligence held for jury in this action to recover for death of pedestrian.**

The evidence disclosed that intestate was standing on the shoulder of a highway at a mail box with her back to defendant's truck, which was approaching along a straight highway 150 feet behind another truck traveling in the same direction, that defendant did not slacken speed or sound his horn, and that when defendant's truck was within 15 or 20 feet, intestate suddenly turned and started walking across the highway, and was struck by the truck. *Held:* The evidence was sufficient to be submitted to the jury upon the issue of negligence and, under the circumstances, intestate's failure to look before she started back across the highway cannot be held for contributory negligence as a matter of law.

APPEAL by plaintiff from *Nettles, J.,* May-June Term, 1949, HENDERSON. Reversed.

Civil action to recover damages for wrongful death.

The evidence considered in the light most favorable to plaintiff tends to establish the following facts:

Deceased lived on the north side of Highway 64 east of Hendersonville. On 17 November 1947 she left her home to go to her mail box located on the southern edge of the highway. As she crossed the highway, two heavily loaded oil trucks belonging to defendant were approaching from the west, traveling about 45 or 50 miles per hour. The second or rear truck was being operated by defendant. The first truck passed deceased. As the second truck approached, deceased was standing at the mail box on the shoulder of the road, apparently oblivious of the approach of the second truck. When this truck was within 15 or 20 feet of deceased, she turned suddenly and "started back across the highway in a fast walk." Defendant swerved his truck to the left in an attempt to avoid striking her but the rear-view mirror located on the right side struck her head and her body struck the corner of the truck to the rear of the cab.

She was thrown 112 feet down the road and fell on the right-hand shoulder of the road. The truck traveled 250 feet—to the left shoulder then to the right—before it stopped. Glass from the rear-view mirror and fragments of paint were scattered on the pavement not more than 12 inches from the southern edge of the pavement. The road was straight in each direction so that each could have seen the other for a considerable distance. As defendant approached the mail box he did not sound his horn or slacken his speed. He said he was too close to the other truck to see her until he was within just a few feet of her. When he first saw her, she was at the mail box with her back to the road.

When the plaintiff rested, the court, on motion of defendant, entered judgment of nonsuit and plaintiff appealed.

*Arthur J. Redden, W. Roy Francis and Smathers & Meekins for plaintiff appellant.*

*R. L. Whitmire for defendant appellee.*

BARNHILL, J. A motorist operates his vehicle on the public highways where others are apt to be. His rights are relative. Should he lapse into a state of carelessness or forgetfulness his machine may leave death and destruction in its wake. Therefore, the law imposes upon him certain positive duties and exacts of him constant care and attention. He must at all times operate his vehicle with due caution and circumspection, with due regard for the rights and safety of others, and at such speed and in such manner as will not endanger or be likely to endanger the lives or property of others. G.S. 20-140; *Kolman v. Silbert,* 219 N.C. 134, 12 S.E. 2d 915.

He must operate his vehicle at a reasonable rate of speed, keep a lookout for persons on or near the highway, *Cox v. Lee, ante,* 155, decrease his speed when any special hazard exists with respect to pedestrians, G.S. 20-141 (c), and, if circumstances warrant, he must give warning of his approach by sounding his horn. G.S. 20-174 (e); *Williams v. Woodward,* 218 N.C. 305, 10 S.E. 2d 913; *Parr v. Peters,* 150 A. 34; *Tel. Co. v. Payne,* 69 S.W. 2d 358.

While a driver of a motor vehicle is not required to anticipate that a pedestrian seen in a place of safety will leave it and get in the danger zone until some demonstration or movement on his part reasonably indicates that fact, *Tysinger v. Dairy Products,* 225 N.C. 717, 36 S.E. 2d 246, he must give warning to one on the highway or in close proximity to it, and not on a sidewalk, who is apparently oblivious of the approach of the car or one whom the driver in the exercise of ordinary care may reasonably anticipate will come into his way. *Trainor's Adm'r. v. Keller,* 79 S.W. 2d 232.

It is his duty to sound his horn in order that a pedestrian unaware of his approach may have timely warning. If it appears that the pedestrian is oblivious for the moment of the nearness of the car and of the speed at which it is approaching, ordinary care requires him to blow his horn, slow down, and, if necessary, stop to avoid inflicting injury. *Walmer-Roberts v. Hennessey,* 181 N.W. 798; *Quinn v. Heidman,* 195 N.W. 774; *Olsen v. Peerless Laundry,* 191 P. 756; *McKinney v. Bissel,* 263 S.W. 533; *Leckwe v. Ritter,* 241 N.W. 339; *Cox v. Reynolds,* 18 S.W. 2d 575; 5-6 Huddy, Cyc. Auto Law, 84, sec. 52.

He must make certain that pedestrians in front of him are aware of his approach. 2 Blash. Auto 370, sec. 1242. And when it is apparent the pedestrian is oblivious of his approach he is bound to realize the hazard of driving his vehicle at a high rate of speed so close to the pedestrian that he might be taken unawares by the sudden discovery of the vehicle and make such deviation as to bring him in front of it. *Jacoby v. Gallaher,* 120 So. 888; *Tatum v. Crosswell,* 163 S.E. 228.

Here the defendant was operating his heavily loaded truck at 45 to 50 miles per hour within 150 feet of the vehicle just ahead. As the road was straight he saw or should have seen the deceased on the shoulder of the highway standing at the mail box even before the first truck passed her. She had her back to him and was apparently oblivious of his approach. Yet he did not slacken his speed or apply his brakes or sound his horn. These circumstances present a case for the jury.

Of course it was the duty of the deceased to look before she started back across the highway. Even so, under the circumstances here disclosed, her failure so to do may not be said to constitute contributory negligence as a matter of law. It is for the jury to say whether her

neglect in this respect was one of the proximate causes of her injury and death. *McKinney v. Bissel, supra.*

*Tysinger v. Dairy Products, supra* (225 N.C. 717, 36 S.E. 2d 246) is distinguishable. There, as the motorist approached, the deceased was walking toward the highway facing in a direction which enabled him to see the vehicle. There was nothing in the conduct of the deceased to put the defendant on notice that deceased did not see what was open for him to see. Here the deceased had her back toward the approaching vehicle with her attention diverted to the mail box or its contents. Thus the defendant was put on notice that she was apparently unaware of his nearness or his speed. It was his duty to take notice that she was in danger of getting in his way, or so the jury may find. *Quinn v. Heidman, supra; McKinney v. Bissel, supra.*

For the reasons stated the judgment below is
Reversed.