DOWNS v. WATSON

━━━━━━━

KENNETH R. DOWNS, ADMINISTRATOR OF THE ESTATE OF LAURA MILDRED CUPPLES, DECEASED, v. JOHN CHRISTOPHER WATSON AND WATT LEE PARKER

No. 7026SC177

(Filed 6 May 1970)

**1. Trial § 21— nonsuit — consideration of evidence**

Upon motion for judgment of nonsuit the evidence of plaintiff must be taken as true and must be considered in the light most favorable to him, resolving all contradictions therein in his favor and giving him the benefit of every inference in his favor which can reasonably be drawn from it.

**2. Automobiles § 83— pedestrian's contributory negligence — intersection — unmarked crosswalk**

Plaintiff's evidence that his intestate was fatally struck by defendant's automobile while the intestate was attempting to cross a "Y" intersection at a point other than a marked or unmarked crosswalk, *held* to disclose the intestate's contributory negligence as a matter of law; and defendant's motion for nonsuit was properly granted.

**3. Automobiles § 40— unmarked crosswalk defined**

The term "unmarked crosswalk at an intersection," as used in G.S. 20-173(a) and G.S. 20-174(a), means that area within an intersection which also lies within the lateral boundaries of a sidewalk projected across the intersection.

**4. Automobiles § 40— intersection — duty of pedestrian at point other than crosswalk**

Plaintiff's intestate who attempted to cross a "Y" intersection at a point other than within a marked or an unmarked crosswalk had the duty to yield the right-of-way to all vehicles upon the highway. G.S. 20-174(a).

APPEAL by plaintiff from *Bryson, J.,* November 1969 Schedule A Session, MECKLENBURG Superior Court.

This is a civil action for damages and wrongful death sustained by plaintiff's intestate due to personal injuries resulting in death arising out of the alleged negligence of the defendant, John Christopher Watson, imputed to the defendant, Watt Lee Parker, on 29 December 1967, when the automobile being operated by defendant Watson struck plaintiff's intestate, Laura Mildred Cupples, as she was crossing Randolph Road at its intersection with Crescent Avenue in the City of Charlotte, North Carolina.

Plaintiff's evidence tends to show that on 29 December 1967 at approximately 9:15 p.m. defendant Watson was alone and was operating the family automobile in a westerly direction on Randolph Road; Randolph Road being a four lane highway with two lanes going west and two lanes going east. He was in the left or southernmost lane for westbound traffic and was traveling about 35 miles per hour, the maximum legal speed limit at this point on Randolph Road. He did not slacken his speed as he approached the intersection of Randolph Road with Crescent Avenue although he was familiar with the intersection. Defendant Watson testified that when he saw Mrs. Cupples she was moving from his left to his right in a northerly direction into his lane of travel. Defendant Watson did not sound his horn but he undertook evasive action by turning sharply to his left. His foot missed the brake and hit his accelerator instead. The right front portion of the automobile struck Mrs. Cupples.

The evidence further tends to show that Crescent Avenue, which runs generally northwest and southeast, dead ends into Randolph Road forming a "Y" intersection near where the collision occurred. There are sidewalks on each side of Randolph Road and on each side of Crescent Avenue and a concrete island lies between Randolph Road and Crescent Avenue. There is a stop sign on the west end of the concrete island for traffic entering Randolph Road from Crescent Avenue and also a stop sign to the east of the concrete island for traffic using the short cut from Crescent Avenue into Randolph Road. There were no marked crosswalks on Randolph Road.

Officer Joe M. Pender of the Charlotte Police Department investigated the collision and testified that he observed Mrs. Cupples lying just north of the line dividing the lanes for eastbound traffic on Randolph Road. He also observed debris, consisting of dirt and mud and one of Mrs. Cupples' shoes, in the southernmost lane for westbound traffic on Randolph Road. Randolph Road was 38 feet and 11 inches wide from the concrete island to its northern curb. The debris was located 12 feet and 7 inches from the northern curb and 5 feet and 5 inches from the center line dividing the eastbound and

westbound traffic. Immediately in front of the debris Officer Pender testified he found a semi-circle of skid marks leading in a southwesterly direction for a distance of 87 feet and 7 inches over to where an automobile parked on Crescent Avenue was struck. Mrs. Cupples was lying 24 feet and 10 inches from the northern curb of Randolph Road and 72 feet and 1 inch from the debris.

Plaintiff's evidence further shows that Randolph Road at the time of the collision was dry, level and straight and there was nothing to block the view of westbound traffic on Randolph Road from the traffic island on the Crescent Avenue intersection for a distance of 300 feet. While the collision occurred after nightfall, the Crescent Avenue and Randolph Road intersection was well-lighted by four street lights.

At the close of plaintiff's evidence judgment of involuntary nonsuit was entered. Plaintiff appealed.

*Osborne & Griffin, by Wallace S. Osborne, for appellant.*

*Carpenter, Golding, Crews & Meekins, by John G. Golding, for appellees.*

BROCK, J.

Appellant's sole assignment of error is that the trial court erred in granting defendants' motion for nonsuit made at the close of plaintiff's evidence.

[1] "It is elementary that upon a motion for judgment of nonsuit the evidence of the plaintiff must be taken to be true and must be considered in the light most favorable to him, resolving all contradictions therein in his favor, and giving him the benefit of every inference in his favor which can reasonably be drawn from it. (Citation omitted.) . . . A judgment of nonsuit on the ground of plaintiff's contributory negligence can be granted only when the plaintiff's evidence, considered in accordance with the above rule, so clearly establishes his own negligence as one of the proximate causes of his injury that no other reasonable inference or conclusion can be drawn therefrom. (Citations omitted.) Conversely, if the plaintiff's own evidence does admit of no other reasonable conclusion, the defendant is entitled to have his motion for judgment of nonsuit granted and it is error to deny it." *Anderson v. Carter,* 272 N.C. 426, 158 S.E. 2d 607.

G.S. 20-173(a) provides:

"Where traffic control signals are not in place or in operation the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection. . . ."

G.S. 20-174(a) provides:

"Every pedestrian crossing a roadway at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."

[2]    The plaintiff's evidence does not disclose the existence of a marked crosswalk extending across Randolph Road at its intersection with Crescent Avenue. It is therefore necessary to determine whether plaintiff's intestate was within an unmarked crosswalk when she was struck by the automobile being operated by defendant Watson.

[3]    The term "unmarked crosswalk at an intersection", as used in G.S. 20-173(a) and G.S. 20-174(a), was construed in *Anderson v. Carter, supra,* a case involving a "T" intersection, to mean that area within an intersection which also lies within the lateral boundaries of a sidewalk projected across the intersection. Plaintiff urgently contends that this rule should be literally applied to the case at bar and that therefore plaintiff's intestate was in an unmarked crosswalk at the time she was struck by defendant's vehicle. This contention is untenable. In the present case Crescent Avenue merges with Randolph Road forming what is commonly called a "Y" intersection. Plaintiff's intestate was crossing the street in the area of the vertex of the "Y" intersection and under the evidence in this case, which is illustrated by the photographs and the diagram, there is no way that plaintiff's intestate could have been within an unmarked crosswalk.

[2, 4]    Plaintiff's intestate, having attempted to cross Randolph Road at a point other than within a marked or an unmarked crosswalk, she had the duty to yield the right-of-way to all vehicles upon the highway. Without regard to defendants' negligence, plaintiff's evidence leads inescapably to the conclusion that plaintiff's intestate did not use the care for her own safety that an ordinarily prudent person in the same circumstances would have used, and that her failure so to do was one of the proximate causes of her injuries. The judgment of nonsuit was proper.

Affirmed.

Britt and Graham, JJ., concur.