HATTIE MAE GENTRY v. ADAM A. HACKENBERG

No. 7417SC631

(Filed 18 September 1974)

Automobiles § 83— pedestrian crossing at place other than crosswalk — contributory negligence

 In an action by plaintiff pedestrian to recover damages for personal injury sustained when she was struck by defendant's vehicle,

the trial court properly granted defendant's motion for directed verdict where the evidence tended to show that plaintiff observed defendant's approaching vehicle, but in disregard of it attempted to cross the road at a place other than a crosswalk.

APPEAL by plaintiff from *Rousseau, Judge,* 11 March 1974 Civil Session of Superior Court held in ROCKINGHAM County.

In this action plaintiff seeks to recover damages for personal injury allegedly caused by the negligent operation of an automobile by defendant.

In her complaint she alleged: On 24 March 1972, at about 10:35 a.m., while driving his automobile northerly on U.S. 220 at a point approximately 5.2 miles south of Madison, North Carolina, defendant negligently drove the same against plaintiff, severely injuring her. Defendant was negligent in that: He failed to keep a proper lookout; he failed to keep his vehicle under proper control; he drove at a speed greater than was reasonable and prudent under the circumstances then and there existing; he failed to sound his horn, or give any other appropriate signal; he failed to slow down when he saw, or should have seen, plaintiff-pedestrian on or near the highway as he approached her; he failed to yield the right-of-way to plaintiff.

In his answer, defendant denied that he was negligent and pleaded contributory negligence on the part of plaintiff in that she failed to yield the right-of-way to the defendant's vehicle which was proceeding on the roadway, failed to keep a lookout for vehicles on the highway and in other respects failed to exercise reasonable and ordinary care for her own safety, and placed herself in a position of danger when she knew or should have known that it was dangerous to do so.

At the close of plaintiff's evidence defendant's motion for directed verdict, first, on the ground that plaintiff had failed to offer any evidence of negligence on the part of defendant, and, secondly, that plaintiff's own evidence established that she was guilty of contributory negligence which proximately caused any injury that she received, was allowed. From judgment dismissing the action, plaintiff appeals.

*Gwyn, Gwyn & Morgan, by Allen H. Gwyn, Jr., for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter, by Richmond G. Bernhardt, Jr., and Miles Foy for defendant appellee.*

BRITT, Judge.

We hold that the directed verdict was proper on the ground that the evidence established that plaintiff was contributorily negligent as a matter of law.

Plaintiff's evidence, considered in the light most favorable to her, tended to show: On 24 March 1972, she lived in a rural area on the east side of U. S. 220 and had a garden on the west side of the highway. She had lived in the immediate area for fifty-one years. The pavement of the highway in front of her home was 24 feet wide and the adjoining shoulders of the road were 10 or 12 feet wide. At that point, the highway was straight for a considerable distance in both directions, there being an unobstructed view to the south for some three-fourths mile.

On that morning—it being a fair day—plaintiff had been to her garden on the west side of the highway and was returning to her home on the other side of the road. In addition to her regular attire, she was wearing a bonnet and was carrying a bucket and a hoe. When she reached the west shoulder of the highway, she stopped and waited while three southbound cars passed. Seeing no other cars coming from the north, but seeing a car approaching from the south "at the bottom of the hill" (some 1000 feet away), she proceeded to walk across the paved portion of the highway. After she reached the east shoulder of the road, she was struck by defendant's automobile which was traveling north.

The parties stipulated that the maximum posted speed limit at the scene of the accident was 60 m.p.h. Plaintiff introduced portions of defendant's deposition which tended to show: When defendant first saw plaintiff she was in the middle of the southbound lane, walking east at a normal gait. Defendant applied his brakes and drove onto the east shoulder of the road to avoid striking plaintiff. At the time of the impact, all four wheels of defendant's car were on the east shoulder and plaintiff struck his left rear fender.

We think the disposition of this appeal is controlled by *Blake v. Mallard*, 262 N.C. 62, 136 S.E. 2d 214 (1964). In *Blake*, page 65, Justice Sharp, speaking for the court stated the following rule:

> "The failure of a pedestrian crossing a roadway at a point other than a crosswalk to yield the right of way to

a motor vehicle is not contributory negligence *per se;* it is only evidence of negligence. (citation omitted). However, the court will nonsuit a plaintiff-pedestrian on the ground of contributory negligence when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible. (citations omitted.)

" . . . It was plaintiff's duty to look for approaching traffic before she attempted to cross the highway."

See also *Gamble v. Sears,* 252 N.C. 706, 114 S.E. 2d 677 (1960).

In the case at bar, plaintiff observed defendant's approaching vehicle, but in disregard of it attempted to cross the road. There is no evidence of a marked cross-walk, therefore, plaintiff should have yielded the right-of-way to defendant's vehicle. Not doing so, plaintiff's negligence was a proximate cause of her injury and the trial court, therefore, properly granted the motion for directed verdict in favor of defendant.

Affirmed.

Judges HEDRICK and BALEY concur.