IVAN HOYT POPE, SR. v. DIANE CASTER DEAL

No. 7819SC173

(Filed 19 December 1978)

**Automobiles § 62.4 — pedestrian — failure of motorist to sound horn — no negligence per se**

A violation of G.S. 20-174(e), which requires a motorist to exercise due care to avoid hitting a pedestrian and to sound his horn when necessary, may not be considered negligence *per se*, and the jury, if they find as a fact that Section (e) of the statute is violated, must consider the violation along with all other facts and circumstances and decide whether, when so considered, the person found guilty of such violation has breached his common law and statutory duty of exercising ordinary care.

APPEAL by defendant from *Walker (Hal H.), Judge.* Judgment entered 14 October 1977 in Superior Court, ROWAN County. Heard in the Court of Appeals in Winston-Salem 28 November 1978.

Plaintiff brought this negligence action for personal injuries received as he was walking across a highway and was struck by defendant's vehicle. In her answer, defendant denied any negligence and pleaded plaintiff's contributory negligence. Plaintiff pleaded the doctrine of last clear chance in reply.

At trial plaintiff's evidence tended to show that on 27 February 1974 plaintiff, the owner of a plumbing company which was installing a pipeline under the Old Concord Road in Rowan County on that date, was struck by defendant's car at approximately 5:00 p.m. as he attempted to cross Old Concord Road from east to west at a 45 degree angle. Defendant's car was traveling south on the Old Concord Road and had come over the crest of a hill 375 feet north of the point of impact. Vision was unobstructed for both plaintiff and defendant for the entire 375 feet. It was daylight and the weather was clear and the construction area was marked by warning signs, one of which was located at the top of the hill north of the construction site. Old Concord Road is a two-lane road, 18 feet wide. Two employees of plaintiff's company were working in ditches on either side of the road. Shortly before the accident plaintiff had crossed the road from west to east to look for a rock for the employee working on the west side of the road. Gary Lankford, the employee on the east side of the road,

saw plaintiff look for the rock and then start to cross back over to the west side of the road. Lankford saw no car approaching at this time. After he saw plaintiff step onto the road, Lankford looked down to gather his tools but then looked up just in time to yell to plaintiff and to see plaintiff look to his right and see defendant's car and attempt to jump out of the way. Plaintiff had just stepped over the center line when Lankford observed the car, and plaintiff appeared to see the car at the same time that Lankford did. As plaintiff jumped back he was struck by the car's left front fender and thrown into the air and landed in the northbound lane of the road. Neither of plaintiff's employees heard a horn blow or tires screech prior to the accident and neither employee observed plaintiff from the time he first stepped onto the road to the time he was struck or knows whether plaintiff might have reached the center line, turned back and then turned again into the path of the car. Plaintiff himself remembers nothing about the accident as he suffered a loss of memory as a result of it. Defendant's car remained in its proper lane immediately before and after the accident and stopped approximately 150 feet past the point of impact.

Defendant's evidence tended to show that she was aware of the construction work being done along the Old Concord Road because she drove past it twice a day on her way to and from work. As she crested the hill north of the construction site she saw plaintiff on the east or left side of the road. She was going 40 m.p.h. although the speed limit was 55 m.p.h. As she came down the hill, plaintiff started to cross the road but then after taking a few steps, he turned and went back to the shoulder of the road as if he had seen her. After reaching the side of the road plaintiff suddenly turned and started trotting back across the road, and defendant had no time to sound her horn at this time but applied brakes as hard as she could. She was unable to avoid hitting plaintiff although she left 35 feet of skid marks leading to the point of impact.

Over defendant's objection the court submitted the issue of last clear chance to the jury. The jury found both plaintiff and defendant negligent but held that defendant had the last clear chance to avoid the accident and awarded plaintiff $25,000 in damages. Defendant appeals.

*Woodson, Hudson, Busby & Sayers, by Donald D. Sayers, for the plaintiff.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter, William C. Raper, and Joseph T. Carruthers, for the defendant.*

MARTIN (Robert M.), Judge.

Defendant contends the court erred in instructing the jury that the defendant's failure to sound her horn, in violation of G.S. 20-174, was negligence *per se.*

In its instructions to the jury regarding negligence of the defendant, the trial court charged the jury as follows:

> Now, members of the jury, as I discuss with you the contentions of negligence and contributory negligence, I will tell you when an act or omission would be negligence within itself, or, on the other hand, when the reasonable person test should be applied.

> \*      \*      \*

> As to the duty to sound the horn, that is a statute — a safety statute that has been enacted in our law. If you find that she should have sounded her horn at observing this plaintiff on this occasion under these circumstances and failed to do so after she discovered that he was in a position of peril, then if you find that she did that, *you would find that that was negligence or a violation of that law and which would be negligence in itself,* members of the jury. (Emphasis added.)

The relevant portion of G.S. 20-174 is paragraph (e), which provides as follows:

> Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

Our courts have repeatedly and explicitly held that violation of G.S. 20-174 does not constitute negligence *per se.* In *Clark v.*

*Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976), the Supreme Court discussed the provisions of G.S. 20-174 and reaffirmed the proper rule that a violation of that statute is not negligence *per se*, at 251-52:

> Ordinarily one who violates the provisions of safety statutes is guilty of negligence per se absent a specific legislative exception. No specific legislative exception appears in this safety statute (Section 20-174). However, our Court has consistently held that violations of G.S. 20-174 do not constitute negligence per se. (Citations omitted.)

In *Moore v. Bezalla*, 241 N.C. 190, 84 S.E. 2d 817 (1954) the Supreme Court reviewed and approved a portion of a jury charge relating to Section 20-174, and stated at 196:

> In the charge, the judge read to the jury G.S. 20-174, subsections (a), (b), and (e), and followed the reading with this instruction: "I instruct you, gentlemen of the jury, that the violation of that section of the statute would not constitute negligence *per se*, but would be evidence to be considered along with other evidence of negligence." The foregoing is the basis of plaintiff's exception No. 13. The charge was in accordance with the decisions of this Court, and the exception cannot be sustained. (Citations omitted.)

In *Simpson v. Curry*, 237 N.C. 260, 74 S.E. 2d 649 (1953), the trial court read to the jury subsections (a), (d), and (e) of G.S. 20-174, and the court charged the jury that a violation of this statute was negligence *per se*. On appeal, the Court reversed and granted a new trial. In reviewing this charge and the statute on appeal, the Supreme Court stated at 262:

> . . . But we have held that a violation of this statute is not negligence *per se* but only evidence thereof which may be considered with other facts in the case in determining whether the party was guilty of negligence or contributory negligence as charged. (Citations omitted.)

*Accord: Simpson v. Wood*, 260 N.C. 157, 132 S.E. 2d 369 (1963); *Gamble v. Sears*, 252 N.C. 706, 114 S.E. 2d 677 (1960); *Lewis v. Watson*, 229 N.C. 20, 47 S.E. 2d 484 (1948).

In his brief, plaintiff correctly points out that the above cited cases, dealing with the issue of a pedestrian's negligence, consistently held that a violation of the provisions of G.S. 20-174 does not constitute negligence in itself. He argues that the court has not applied the same reasoning to cases when the violation of G.S. 20-174 has been committed by the driver who encounters a pedestrian and has no application to the sanction of G.S. 20-174(e) as it applies to motorists. In support of his argument he cites *Williams v. Woodard*, 218 N.C. 305, 306, 10 S.E. 2d 913 (1940). We quote from that opinion as follows:

> The court instructed the jury that it was negligence *per se* for one to violate "the statute regulating the conduct and operation of motor vehicles on the public highways, and the conduct and behavior of pedestrians using the highways, but the element of proximate cause must also be shown." This instruction was taken from the case of *Holland v. Strader*, 216 N.C., 436, 5 S.E. (2d), 311, and is correct as applied to violations of the motor vehicle law, ch. 407, Public Laws 1937, save and except those provisions which relate to the speed limits mentioned therein, any speed in excess of which constitutes "*prima facie* evidence that the speed is not reasonable or prudent and that it is unlawful." Sec. 103; *Smart v. Rodgers*, 217 N.C., 560.

> It is true there is allegation here of excessive speed, but the instruction which defendants assign as error was in reference to alleged violations of the motor vehicle law in driving on the wrong side of the road, sec. 108, and in failing to warn the plaintiff, who was a pedestrian. Sec. 135. These sections were called to the jury's attention immediately following the above instruction, and it is not thought the jury could have understood it as referring to a violation of the speed restrictions set out in sec. 103. This last section was not mentioned in the charge.

In *Williams, supra,* plaintiff argues that "the Court specifically held that it was correct to instruct a jury that it was negligence *per se* for one to violate the motor vehicle statutes which refer to driving on the wrong side of the road . . . 'and in failing to warn the plaintiff, who was a pedestrian.'"

While the general rule in North Carolina is that the violation of a safety statute constitutes negligence *per se*, the application of the general rule to statutes regulating the conduct of pedestrians has been rejected, as evidenced by the cases cited herein. Section (e) of the statute is not excepted from the holding in those cases that a violation of G.S. 20-174 is not negligence *per se* and a violation of the statue is held to be evidence of negligence only.

Relying upon these well-reasoned opinions we hold that a violation of G.S. 20-174(e) may not be considered negligence *per se*, and the jury, if they find as a fact that Section (e) of the statute is violated, must consider the violation along with all other facts and circumstances and decide whether, when so considered, the person found guilty of such violation has breached his common law and statutory duty of exercising ordinary care. Of course, this view does not preclude a finding of negligence as a matter of law where the only inference to be drawn from all the facts is that the motorist was negligent. Such finding does not appear warranted in this case.

When the trial court instructed the jury that if the defendant failed to sound her horn that would be negligence in itself, the court usurped one of the functions of the jury. This constitutes prejudicial error which entitles defendant to a new trial.

New trial.

Judges PARKER and ERWIN concur.