AURELIA JANE RAGLAND v. MICHAEL GEORGE MOORE AND CLEVE GEORGE MOORE

No. 789SC714

(Filed 5 June 1979)

**Automobiles §§ 62.2, 83.4— pedestrian crossing at place other than crosswalk — motorist speeding — summary judgment improper**

> In an action to recover for personal injuries sustained by plaintiff pedestrian when she was struck by defendants' vehicle, the trial court erred in allowing defendants' motion for summary judgment where the evidence raised jury questions as to defendant's negligence in speeding and as to plaintiff's contributory negligence in stepping out into the highway in front of defendants' automobile.

APPEAL by plaintiff from *Lee, Judge.* Judgment entered 6 March 1978 in Superior Court, PERSON County. Heard in the Court of Appeals 25 April 1979.

This is an action for personal injuries in which the plaintiff has alleged she was injured by the negligence of Michael George Moore who was operating an automobile owned by Cleve George Moore and used as a family purpose automobile. The defendants made a motion for summary judgment. The defendants relied on the deposition of plaintiff and an affidavit by Michael George Moore. Plaintiff testified by deposition that she got out of an automobile on 5 June 1976 at 12:15 a.m. on Route 49 in Person County and stood on the shoulder of the road across from her residence. She could see the automobile operated by Michael George Moore approaching as she started across the road towards her home. She testified further that she "was over halfway across the road" when "I started running because I recognized that the car was going faster than I thought it was." "I had one foot on the gravel and the other on the pavement when I was hit." In answer to a question as to whether in her opinion the approaching vehicle was exceeding the posted speed limit, the plaintiff said "[t]hat he was speeding." The court allowed the defendants' motion for summary judgment.

*Fellers and Link, by Carlton E. Fellers, for plaintiff appellant.*

*Newsome, Graham, Strayhorn, Hedrick, Murray, Bryson and Kennon, by O. William Faison, for defendant appellees.*

WEBB, Judge.

The appellate courts of this state have passed on summary judgments on numerous occasions. *See Haithcock v. Chimney Rock Co.*, 10 N.C. App. 696, 179 S.E. 2d 865 (1971); *Goode v. Tait, Inc.*, 36 N.C. App. 268, 243 S.E. 2d 404, *discretionary review denied*, 295 N.C. 465 (1978), and *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). In *Moore v. Fieldcrest Mills, Inc., supra*, the Supreme Court stated the rule in terms of a forecast of evidence. This case states the rule to be that if the moving party presents papers which forecast such evidence as would require a directed verdict for the movant at trial, the party opposing the motion must file papers which forecast evidence which would prevent a directed verdict at trial. If the opposing party fails to do this, the movant is entitled to summary judgment in his favor. This test is substantially the same as the one delineated in *Haithcock v. Chimney Rock Co., supra*, and it effectively overrules *Goode v. Tait, Inc., supra*. The question raised by this appeal is whether on the evidence as forecast in this case, the defendant would be entitled to a directed verdict if this evidence were offered at trial. We hold that on the evidence as forecast the defendant would not be entitled to a directed verdict and summary judgment was improperly entered.

There have been many appellate cases involving pedestrians who were struck by vehicles while crossing a roadway. It is the duty of a pedestrian crossing a roadway at a point other than a crosswalk to yield the right of way to a motor vehicle. A failure to do so is contributory negligence. If the only inference that can be drawn from the evidence is that this contributory negligence is a proximate cause of the accident, a pedestrian cannot recover. *See Foster v. Shearin*, 28 N.C. App. 51, 220 S.E. 2d 179 (1975). Before reaching the question of contributory negligence, in the case sub judice we note that there was evidence of negligence on the part of the defendant Michael George Moore. The plaintiff testified that in her opinion he was speeding. This is enough evidence to make it a jury question as to whether the speed of the defendant Michael George Moore was a proximate cause of the accident. *Landini v. Steelman*, 243 N.C. 146, 90 S.E. 2d 377 (1955). As to whether the plaintiff's failure to yield the right of way must be held contributory negligence as a matter of law, we believe the cases hold that if a pedestrian steps into a roadway in

Ragland v. Moore

such a manner that the only reasonable inference the jury can make is that the accident is unavoidable regardless of the vehicle driver's negligence the pedestrian cannot recover. *See Foster v. Shearin, supra; Blake v. Mallard,* 262 N.C. 62, 136 S.E. 2d 214 (1964); *Price v. Miller,* 271 N.C. 690, 157 S.E. 2d 347 (1967); *Holland v. Malpass,* 255 N.C. 395, 121 S.E. 2d 576 (1961); *Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589 (1955); *Brooks v. Smith,* 27 N.C. App. 223, 218 S.E. 2d 489 (1975), and *Downs v. Watson,* 8 N.C. App. 13, 173 S.E. 2d 556 (1970). If a pedestrian enters a roadway at a position at which the jury could reasonably find the accident is unavoidable, it is a jury question as to whether the negligence of the pedestrian is a proximate cause of the accident. *Landini v. Steelman, supra; Goodson v. Williams,* 237 N.C. 291, 74 S.E. 2d 762 (1953), and *Citizens National Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323 (1952). In *Anderson v. Carter,* 272 N.C. 426, 158 S.E. 2d 607 (1968), the Court held that a directed verdict should have been allowed in defendant's favor not because the plaintiff stepped into the path of an oncoming automobile, but because he did not make a sufficient effort to avoid the accident when he determined the automobile was proceeding at a speed greater than he had at first estimated. In *Brooks v. Boucher,* 22 N.C. App. 676, 207 S.E. 2d 282, *cert. denied,* 286 N.C. 211 (1974), which is relied on by the appellees, the pedestrian started across a street and was struck as he was halfway across. It was held contributory negligence as a matter of law that he did not keep a lookout for approaching traffic after he was in the street and so avoid the collision. At the point he stepped in front of the automobile, the only inference the jury could draw was that negligence of the plaintiff was a proximate cause of the collision. Applying the principles evolved from the cases cited above to the facts of this case, we hold the jury could find that the defendant Michael George Moore was negligent in speeding and that this was a proximate cause of the accident. We also hold that the jury could find the plaintiff was negligent in entering the highway in front of the automobile and this was a proximate cause of the accident. According to the evidence as forecast, the plaintiff did not enter the roadway at a point at which an accident was unavoidable regardless of the negligence of Michael George Moore. According to the evidence, it is a jury question as to whether the automobile driven by Michael George Moore was a sufficient distance from the plaintiff at the time she entered the

roadway so that the accident would not have been proximately caused by the plaintiff's negligence if Michael George Moore had not been speeding. The issue of negligence and contributory negligence should be submitted to a jury.

Reversed and remanded.

Chief Judge MORRIS and Judge HEDRICK concur.