WENDELL PARKER v. GLORIA O. WINDBORNE AND WALTER ROBERT WINDBORNE

No. 806SC328

(Filed 20 January 1981)

**Automobiles §§ 62.3. 83.2— jogger struck by vehicle — issues of fact raised — summary judgment improper**

In an action to recover for personal injuries sustained by plaintiff jogger when he was struck by defendant's automobile, the trial court erred in entering summary judgment for defendants where there were issues of fact as to whether (1) one defendant was negligent in driving the automobile into plaintiff on the highway while the visibility was clear, thereby failing to keep a proper lookout or to keep the vehicle under control; (2) plaintiff's negligence in violating G.S. 20-174(d) by not jogging on the left-hand side of the road was a proximate cause of his injury; and (3) plaintiff failed to keep a proper lookout in that he saw the vehicle, took three or four more steps, and then started to cross the road in front of the vehicle.

Judge WHICHARD concurs in the result.

APPEAL by plaintiff from *Small, Judge.* Judgment entered 28 November 1979 in Superior Court, HERTFORD County. Heard in the Court of Appeals 7 October 1980.

Plaintiff brought this action against the defendants for personal injuries he received on U. S. Highway 158 between Winton and Murfreesboro. He alleged that his injuries were proximately caused by the

negligence of the defendant, Gloria O. Windborne, who was operating a family purpose automobile owned by defendant Walter Robert Windborne with the consent of Walter Robert Windborne.

The plaintiff testified by deposition that on 17 August 1977, he was jogging in a westerly direction on the right-hand side of a two-lane highway running from Winton to Murfreesboro. At one point he testified, "I was about in the middle of it running towards my house . . . ." At another point he testified: "As to whether I was a little inside of the white line that's alongside the road, right. I was probably two and one-half feet inside the white line." He looked back and saw the automobile operated by Gloria O. Windborne approaching from the east. He "probably took about 3 or 4 more steps" and started crossing the road. He "did not look back again to see where the car was." The plaintiff stated, "I observed [the automobile] enough to know that if I crossed the road I could make it . . . ." He testified he was struck just after he crossed the center line of the highway. He did not hear a horn or the sound of tires squealing.

The defendant moved for summary judgment, relying on the plaintiff's deposition. The plaintiff filed no papers in oppositin to the motion. The court granted defendant's motion, and the plaintiff appealed.

*Thomas L. Jones for plaintiff appellant.*

*Gram and Baker, by Ronald G. Baker, for defendant appellees.*

WEBB, Judge.

At the outset, we note that the deposition of plaintiff forecasts sufficient evidence to be considered by the jury as to the negligence of the defendant Gloria O. Windborne. The fact that she drove the automobile into the plaintiff on the highway while the visibility was clear is some evidence that she did not keep a proper lookout or keep the vehicle under control and bring it to a halt so as to avoid a collision. This is evidence of negligence.

Since the materials submitted and considered by the court forecast at trial sufficient evidence of negligence by the defendant Gloria O. Windborne, we find the sole remaining issue on appeal is whether there was error in allowing summary judgment on the ground that plaintiff was contributorily negligent as a matter of law. There have

been many cases dealing with the question of contributory negligence as a matter of law on the part of pedestrians crossing a street or highway who were struck by vehicles. *See Ragland v. Moore,* 299 N.C. 360, 261 S.E. 2d 666 (1980); *Price v. Miller,* 271 N.C. 690, 157 S.E. 2d 347 (1967); *Blake v. Mallard,* 262 N.C. 62, 136 S.E. 2d 214 (1964); *Holland v. Malpass,* 255 N.C. 395, 121 S.E. 2d 576 (1961); *Landini v. Steelman,* 243 N.C. 146, 90 S.E. 2d 377 (1955); *Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589 (1955); *Foster v. Shearin,* 28 N.C. App. 51, 220 S.E. 2d 179 (1975); *Brooks v. Smith,* 27 N.C. App. 223, 218 S.E. 2d 489 (1975); *Gentry v. Hackenberg,* 23 N.C. App. 96, 208 S.E. 2d 279 (1974); *Downs v. Watson,* 8 N.C. App. 13, 173 S.E. 2d 556 (1970). The briefs cite no cases, and we have found none, which deal with the question of a pedestrian jogging on the highway who is struck by an automobile as he is moving to the other side of the highway. We believe the rule from the above cited cases is that even if all the evidence shows a pedestrian struck by a vehicle was contributorily negligent, summary judgment aginst the pedestrian is not proper unless all the evidence so clearly establishes the pedestrian's negligence as one of the proximate causes of the injury that no other reasonable conclusion is possible.

In the case sub judice, it appears from the plaintiff's deposition that he violated G.S. 20-174(d) in not jogging on the left-hand side of the road. He was negligent in so doing. The question then becomes whether from a forecast of the evidence the jury could only conclude that this negligence was a proximate cause of the injury. *See Simpson v. Wood,* 260 N.C. 157, 132 S.E. 2d 369 (1963); *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484 (1948); *Pope v. Deal,* 39 N.C. App. 196, 249 S.E. 2d 866, *cert. denied,* 296 N.C. 737, 254 S.E. 2d 178 (1978).

The statute (G.S. 20-174(d)) requiring pedestrians to walk on the left-hand side of any highway is designed to protect the pedestrian, facing the opposite direction, from being struck by a vehicle approaching from the rear in the right-hand lane of travel. The plaintiff herein, jogging on the right-hand side of the highway, heard and then observed the defendant's vehicle approaching from the rear. The distance from the vehicle to plaintiff when it was first observed and the speed of the approaching vehicle does not appear in the record on appeal. It does appear that plaintiff had crossed the center line into the left-hand lane when struck. From this sparse forecast of the evidence, more than one inference can reasonably be drawn as to whether the act of the plaintiff in violating the statute was a proximate cause of his injury; it should be submitted to the jury as to which inference should

In re Foreclosure of Deed of Trust

be drawn.

There is also evidence the plaintiff did not keep a proper lookout. He testified that after he saw the vehicle, he took three or four more steps and started to the left side of the road. We believe it is a jury question as to whether this was negligence and whether it was a proximate cause of the accident. Plaintiff testified he observed the vehicle enough to know he could reach the left lane. The record contains no evidence as to the speed of the vehicle or how many feet it was from the plaintiff when he last saw it. We hold it is for the jury to determine whether it was lack of due care on the part of the plaintiff to change sides of the road as he did and whether this was a proximate cause of the accident.

Reversed and remanded.

Judge CLARK concurs.

Judge WHICHARD concurs in the result.