EARNEST TERRY GAYMON v. ALICE MURRAY BARBEE

No. 8018SC1181

(Filed 16 June 1981)

**Automobiles § 62.1— pedestrian crossing at intersection — negligence of driver — sufficiency of evidence**

In an action to recover for personal injury sustained by plaintiff pedestrian as he crossed the street at an intersection, the trial court erred in entering summary judgment for defendant where there was evidence from which the jury could find that defendant was negligent in driving at a speed of 45 to 50 miles an hour in an effort to get through the stoplight, and this negligence was a proximate cause of plaintiff's injury.

APPEAL by plaintiff from *Walker (Hal H.), Judge.* Judgment entered 6 November 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 27 May 1981.

This is an action for personal injuries in which the plaintiff, a pedestrian, alleged he was injured by the negligence of the defendant. The plaintiff was struck by an automobile driven by the defendant as the plaintiff was crossing Market Street in Greensboro. The defendant filed an answer in which she denied any negligence and pled contributory negligence by the plaintiff.

The plaintiff moved for partial summary judgment, and the defendant moved for summary judgment. The parties relied on depositions of the plaintiff and defendant and on affidavits. The court granted the defendant's motion for summary judgment, and the plaintiff appealed.

*Badgett, Calaway, Phillips, Davis, Stephens, Peed and Brown, by B. Ervin Brown, II, for plaintiff appellant.*

*Nichols, Caffrey, Hill, Evans and Murrelle, by G. Marlin Evans, for defendant appellee.*

WEBB, Judge.

The only question presented by this appeal is whether it was error to allow the defendant's motion for summary judgment. We hold this was error.

There have been many cases dealing with injury to pedestrians while crossing a street in front of an oncoming automobile. Many of these cases are cited and analyzed in *Ragland v. Moore,* 41 N.C. App. 588, 255 S.E. 2d 222 (1979), *modified and affirmed,* 299 N.C. 360, 261 S.E. 2d 666 (1980). We believe that the rule from these cases is that it if was the duty of the plaintiff to yield the right-of-way and all the evidence so clearly establishes the plaintiff-pedestrian's failure to yield the right-of-way as one of the proximate causes of his injuries that no other reasonable conclusion is possible, summary judgment should have been entered in favor of the defendant. In the case sub judice, the affidavit of Ophelia Newkirk stated in pertinent part as follows:

> "I observed . . . Earnest Gaymon crossing Market Street at the intersection of Market and English Streets. He had begun to cross the intersection after the other cars had passed through the green light. He was not running across the street, but was walking. I then saw this car coming towards the light going approximately 45 to 50 miles per hour. The light was yellow at the time, so it looked like she was trying to beat the light."

From this affidavit we believe a jury could find that the defendant was negligent in driving at a speed of 45 to 50 miles an hour in an effort to get through the stoplight, and this negligence was a proximate cause of the plaintiff's injury. The jury could also conclude that the plaintiff was negligent in crossing the intersection against the green light. We do not believe, however, that the only reasonable inference that could be drawn is that the plaintiff's contributory negligence was a proximate cause of the accident. Although he may have been negligent, we do not believe

a reasonable man would have to foresee that the defendant would drive at such a speed as to try to get through the intersection before the light changed.

There was evidence by other affidavits and the defendant's deposition that the plaintiff did not cross at the intersection, that he stepped from behind a truck and it was not possible for the defendant to avoid the accident. Considering the forecast of evidence in the light most favorable to the plaintiff, however, we believe the case would have to be submitted to a jury. Summary judgment for the defendant was error. *See Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979).

Reversed and remanded.

Chief Judge MORRIS and Judge WHICHARD concur.