McCullough v. Amoco Oil Co.

---

MARION DOUGLAS McCULLOUGH, JR. v. AMOCO OIL COMPANY

No. 8218SC953

(Filed 4 October 1983)

1. **Negligence § 35.4— pedestrian accident—contributory negligence—summary judgment improper**

    In a negligence action, the trial court erred in entering summary judgment for defendant where plaintiff pedestrian specifically remembered stopping two feet from the edge of the pavement and watching cars pass in both directions before he was struck by defendant's truck. The weight and credit of the testimony of plaintiff and the driver of the tanker and to disinterested witnesses which contradicted plaintiff's testimony was for the jury to decide.

2. **Negligence § 12.3— evidence raising issue of last clear chance**

    The projected evidence in a negligence case raised an issue of whether the driver of a truck had the last clear chance to avoid a collision with plaintiff, since the day was clear and sunny, the plaintiff was wearing bright clothing, the road was straight for at least one-quarter of a mile prior to the accident, there was little traffic blocking the driver's view of the highway, the driver never swerved nor slowed down prior to striking plaintiff, the driver never blew his horn before impact, and, according to the affiants, plaintiff was

oblivious to the approach of the truck and was looking in the other direction until immediately before impact.

Judge HILL dissenting.

APPEAL by plaintiff from *Kivett, Judge.* Judgment entered 8 July 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 August 1983.

*Forman, Fish & Hall, P.A., by Paul E. Marth, for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by Norwood Robinson, Daniel R. Taylor, Jr., and Leon E. Porter, Jr., for defendant appellee.*

BECTON, Judge.

I

Plaintiff, Marion Douglas McCullough, Jr., instituted this action on 27 March 1981 seeking damages for personal injuries sustained when he was struck by an oil tanker driven by defendant's agent, Noel G. Mathlery, in Kernersville, North Carolina. After filing its Answer denying negligence and alleging contributory negligence, and after discovery was initiated, defendant filed a motion for summary judgment. After considering (a) the pleadings, (b) the affidavits of Mathlery and two disinterested witnesses that the plaintiff ran in front of the truck, and (c) the plaintiff's statement in his deposition that the last thing he remembers was being on the shoulder of the road before being struck by the truck, the trial court entered an order, dated 8 July 1982, granting summary judgment to the defendant and dismissing plaintiff's suit. From that order, plaintiff appeals.

II

On 7 March 1979, plaintiff McCullough was a senior at Kernersville Wesleyan Academy in Kernersville, North Carolina. Following a 10:00 a.m. class, McCullough went to his car, parked in a lot on the north side of the U.S. Highway 421 directly across from his school, to pick up a book required for his 11:00 a.m. class. McCullough was wearing a yellow shirt and white pants at the time.

Directly in front of Kernersville Wesleyan Academy, Highway 421 divides into two branches or forks heading west. The northern branch leads into downtown Kernersville; the southern branch later merges into Interstate 40. A triangular grass median separates the two branches of the highway.

After McCullough got his book from his car, he jogged to the northern branch of the road leading into Kernersville where he stopped and allowed two cars to pass by. McCullough then proceeded across the northern branch and entered the grassy median between the branches. Evidence as to what transpired thereafter is conflicting. McCullough testified in his deposition as follows:

> When I reached my car I got my business math book, which was on the passenger side in the front seat. On my way back to the school, I am not really sure, but I think I jogged back to the right branch [northern branch] of the road.
>
> I usually do not stop at that point, but I had to because two cars were coming. After both cars went by, I walked across into the median between the forks. I stopped two feet from the northern edge of the pavement of the left branch [southern branch] at old 421 and looked in a westerly direction. There were two vehicles coming headed in a easterly direction. One was a Trans Am, which I was interested in watching, so I watched it as it travelled past me. I then saw a car go past me in the westerly direction toward Winston-Salem. That is the last thing I remember.

The defendant, on the other hand, presented affidavits from Mathlery, the driver of the oil tanker, and from two eyewitnesses that McCullough ran from the grass median directly in front of the oil tanker, never turning his head toward the tanker until it was right on top of him, and that McCullough collided with the tanker around the center of its front grille in the lane of travel. Both eyewitnesses stated that the tanker came to a very quick stop upon impact and indicated that the tanker was not travelling at an excessive speed. The truck driver stated that he did not observe McCullough crossing the right fork in the highway but, rather, saw him for the first time running toward the highway from behind a large directional sign and telephone or power pole in the median. The truck driver further indicated that he hit his brakes the moment he saw McCullough, that he did not blow his

McCullough v. Amoco Oil Co.

horn or change lanes prior to striking McCullough, and that the tanker never left the highway or lane of travel.

As a result of the injuries sustained, McCullough was hospitalized in excess of fifty (50) days and incurred medical expenses in excess of $40,000.00.

III

The sole exception and assignment of error on this appeal is that the trial court erred as a matter of law in granting the defendant's motion for summary judgment.

[1] Because summary judgment deprives a party of an opportunity to develop its case by witnesses, summary judgment is proper only when the pleadings, discovery responses, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (1969). Not only is the burden on the moving party to establish the lack of triable issues of fact, but the court must also look at the record in the light most favorable to the party opposing the motion. *Sharpe v. Quality Education, Inc.*, 59 N.C. App. 304, 307, 296 S.E. 2d 661, 662 (1982). As we stated in *Goode v. Tait, Inc.*, 36 N.C. App. 268, 269-70, 243 S.E. 2d 404, 406, *disc. rev. denied*, 295 N.C. 465, 246 S.E. 2d 215 (1978):

> The rule requires that before summary judgment may be had, the materials filed must affirmatively show that not only would the moving party be entitled to judgment from the evidence contained within the materials, but they must also show that there can be no other evidence from which a jury could reach a different conclusion as to a material fact.

The stringent requirements placed on a movant are intended, because "summary judgment is a drastic measure, and it should be used with caution. (Citation omitted.) *This is especially true in a negligence case* in which a jury ordinarily applies the reasonable person standard to the facts of each case." *Williams v. Carolina Power & Light Co.*, 296 N.C. 400, 402, 250 S.E. 2d 255, 257 (1979) (emphasis added).

Had McCullough stated in his deposition that after getting his math book he started back towards school and does not

thereafter remember what happened, summary judgment clearly would have been appropriate since negligence is not presumed from the mere fact that an accident or injury occurred—the accident of injury alone does not raise an inference of negligence. *Brewer v. Green,* 254 N.C. 615, 619, 119 S.E. 2d 610, 613 (1961); *Grant v. Royal,* 250 N.C. 366, 369, 108 S.E. 2d 627, 628 (1959); *Fleming v. Twiggs,* 244 N.C. 666, 668, 94 S.E. 2d 821, 823 (1956). But in this case, McCullough stated more. He specifically remembers stopping two feet from the edge of the pavement and watching cars pass in both directions. Thereafter, plaintiff was struck. And it does not matter that the driver of the tanker and two disinterested witnesses contradict McCullough and say that he never stopped at the edge of the pavement. Judges cannot accredit the testimony of the disinterested witnesses and discredit the testimony of obviously interested witnesses, however sparse that testimony may be. The weight and credit of the testimony is for the jury to decide. Further, the evidence indicates that the driver of the tanker was travelling on a straight highway with little traffic in front of him on a clear and sunny day. Although the nothern branch and the grassy median between the two branches were visible to the truck driver, he never saw McCullough until it was too late for him to stop. McCullough had on brightly colored clothing and was visible to drivers and passengers in nearby vehicles.

This forecast of evidence is sufficient to preclude summary judgment on the negligence issue. In *Parker v. Windborne,* 50 N.C. App. 410, 273 S.E. 2d 750, *disc. rev. denied,* 302 N.C. 398, 279 S.E. 2d 352 (1981), we reversed the entry of a summary judgment noting that driving a car into a jogger on the highway when the visibility was clear was some evidence that the driver was not keeping a proper lookout or keeping the vehicle under control. It is true that *Parker* involved a jogger on the highway, but seeing what is in the highway in order to avoid a collision is not all that is required in automobile negligence cases. In *Williams v. Henderson,* 230 N.C. 707, 55 S.E. 2d 462 (1949), our Supreme Court reversed a judgment of nonsuit noting that a driver must give warning to one on the highway or in close proximity to it. Specifically, the Court in *Williams* said:

> Here the defendant was operating his heavily loaded truck at 45 to 50 miles per hour within 150 feet of the vehicle

McCullough v. Amoco Oil Co.

just ahead. As the road was straight he saw or should have seen the deceased on the shoulder of the highway standing at the mail box even before the first truck passed her. She had her back to him and was apparently oblivious of his approach. Yet he did not slacken his speed or apply his brakes or sound his horn. These circumstances present a case for the jury.

*Id.* at 709, 55 S.E. 2d at 464.

Without again reciting the conflicts in the evidence, we summarily rule that plaintiff's contributory negligence was not proved as a matter of law. As we recently pointed out: (a) "[i]f there is *any* question as to the credibility of witnesses or the weight of evidence, a summary judgment should be denied," *Roberson v. Griffeth*, 57 N.C. App. 227, 229, 291 S.E. 2d 347, 349, *disc. rev. denied*, 306 N.C. 558, 294 S.E. 2d 224 (1982) (emphasis added) (*quoting Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 470, 251 S.E. 2d 419, 422 (1979); and (b) "[c]ontributory negligence is a jury question unless the evidence is so clear that no other conclusion is possible." *Cowan v. Laughridge Construction Co.*, 57 N.C. App. 321, 326, 291 S.E. 2d 287, 290 (1982).

[2] Finally, we hold that the projected evidence raises an issue whether the driver had a last clear chance to avoid the collision with McCullough, since the day was clear and sunny, the plaintiff was wearing bright clothing, the road was straight for at least one-quarter of a mile prior to the accident, there was little traffic blocking the driver's view of the highway, the driver never swerved or slowed down prior to striking McCullough, the driver never blew his horn before impact, and, according to the affiants, plaintiff was oblivious to the approach of the truck and was looking in the other direction until immediately before impact.

For the foregoing reasons, the summary judgment grant for defendant is

Reversed.

Chief Judge VAUGHN concurs.

Judge HILL dissents.

Judge HILL dissenting.

I do not see how the driver of the truck could have done anything more to avoid the injury. He was travelling on the paved portion of the highway. There is no evidence that his truck left it. Any evidence of the driver's negligence is pure speculation.